## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**June 28, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 12-0838** (Ohio County 99-F-72)

**Shawn Pethel,**
**Defendant Below, Petitioner**


### MEMORANDUM DECISION

Petitioner's *pro se* appeal arises from an order entered on June 21, 2012, in the Circuit Court of Ohio County, wherein his motion to correct an illegal sentence was denied. The State, by counsel Andrew Mendelson, filed a summary response, to which petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2000, petitioner was sentenced to three definite terms of incarceration of ten years each for his conviction on three counts of filming a minor engaged in sexually explicit conduct. Petitioner was also sentenced to a term of incarceration of one to five years for his conviction of conspiracy to film a minor engaged in sexually explicit conduct.[1] Petitioner filed a direct criminal appeal to this Court, which was unanimously refused on April 1, 2004. Thereafter, petitioner filed a petition for writ of habeas corpus in circuit court, which was granted. The State of West Virginia filed an appeal of the circuit court's order granting petitioner habeas corpus relief; this Court reversed the circuit court's order and denied habeas relief. On March 12, 2012, petitioner filed a pro se motion pursuant to Rule 35 of the West Virginia Rules of Criminal Procedure to correct an illegal sentence in circuit court, which was denied. It is from this order that petitioner appeals.

By order entered on June 21, 2012, the circuit court denied respondent's motion to correct an illegal sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure. The circuit court held that:

---

[1] Though no relevant to this appeal, petitioner was also convicted of various other crimes that resulted in an effective sentence of incarceration of not less than fifty-three years, nor more than one hundred and fifty-five years.

1

[a]fter reviewing [petitioner's] Motion, the State's response thereto, the applicable law and the Court file, the Court is satisfied that [petitioner's] Motion to Correct and Illegal Sentence should be denied because the issues raised therein are not appropriately in a R. 35(a) Motion to Correct Sentence.

A motion made pursuant to R. 35(a) of the West Virginia Rules of Criminal Procedure is meant to correct what is in reality a sentencing error, i.e. where a defendant's sentence for a conviction results in more time than provided by the applicable statute, or where a defendant is not properly given credit for time served before trial. In the instant case, [petitioner's] Motion does not seek to correct a sentencing error. . . . Such issues should have been raised during pretrial proceedings, on appeal or through a Petition for Writ of Habeas Corpus.

On appeal, petitioner argues that his sentences for filming a minor engaged in sexually explicit conduct are unconstitutional and illegal because the title of Article 8C, Chapter 61 of the West Virginia Code is styled "Filming of Sexually Explicit Conduct of Minors," and he was convicted of possessing digital files containing such material. Petitioner argues that article VI, section 30 of the West Virginia Constitution states that "[n]o act hereafter passed shall embrace more than one object, and that shall be expressed in the title. But if any object shall be embraced in an act which is not so expressed, the act shall be void . . . ." According to petitioner, his sentence is therefore illegal because the statute under which he was convicted prohibited only the filming of such material using analog technology, not the filming of such material using digital technology. Petitioner also argues that his sentence for conspiracy to commit the offense of filming a minor engaged in sexual conduct is illegal because no minor was filmed and his co-conspirator was charged pursuant to West Code § 61-8C-2(a). Finally, petitioner argues that a Rule 35(a) motion pursuant to the West Virginia Rules of Criminal Procedure is the preferred method to correct an illegal sentence, not a direct appeal.

This Court has stated that

"In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 3, *State v. Eilola*, 226 W.Va. 698, 704 S.E.2d 698 (2010). "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). Rule 35(a) of the West Virginia Rules of Criminal Procedure provides that, "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of sentence." Clear from this

language is the fact that the rule governs only illegal sentences or sentences imposed in an illegal manner. The nature of petitioner's argument is not that his is an illegal sentence or that his sentence was imposed in an illegal manner. Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion Rule 35(a) motion because petitioner was properly sentenced pursuant to each statute.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**:  June 28, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II